IRON CITY ELECTRIC CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11311. Promulgated August 28, 1928.

*Walter W. McVay, Esq.*, for the petitioner.
*J. F. Greaney, Esq.*, for the respondent.

OPINION.

MURDOCK : The petitioner offered evidence for the purpose of showing that it received good will of a certain value at the time of its incorporation. We need not decide whether or not this evidence established a value in dollars for this alleged good will because in any event it would not show that invested capital could not be satisfactorily determined. The petitioner argued that the evidence proved a value and therefore invested capital could not be satisfactorily determined. We confess our inability to follow such an argument or to see in the evidence any reason for special assessment based upon the provisions of section 210 of the Revenue Act of 1917 or of section 327 (a) or (c) of the Revenue Act of 1918. This leaves section 327 (d) for our consideration as a possible basis for the petitioner's contention.

We were shown that for the year the petitioner had borrowed on notes and a mortgage in the average amount of $42,500, which amount was about 67 per cent of the average par value of capital stock outstanding and about 27.3 per cent of the average invested capital for the year. On authority of *G. M. Standifer Construction Corporation*, 4 B. T. A. 525, an abnormal condition affecting capital is claimed. The facts clearly distinguish the two cases. We see no abnormality in the facts before us. *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566.

The petitioner conducted its business in a rented building. In the taxable year it paid two officers $23,000 as compensation whereas in the following year it paid these same men $36,000. It sold supplies to the Iron City Engineering Co. at market prices without thereby incurring any selling expense. These facts are immaterial. The petitioner tried to show that its good will had grown and that its income during several years before the war was unusually small. But even if these facts were established the petitioner would not be entitled to the relief sought. We have carefully considered all of the evidence but have been unable to find any such abnormality as was intended to be the basis for special assessment. *Denver Powerine Co.*, 7 B. T. A. 1186; *Home Industry Iron Works*, 8 B. T. A. 1267; *Morris & Co.*, 1 B. T. A. 704; *Providence Mill Supply Co.*, 2 B. T. A. 791.

*Judgment will be entered for the respondent.*